UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2009 OCT 13  P 4· 34

R. HACKETT, CLK

| | |
|---|---|
| **Terry W. Barrett,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **Directv, Inc.,** a foreign corporation, and **Financial** | ) |
| **Asset Management Systems, Inc.,** a foreign | ) |
| corporation, | ) |
| | ) |
| *Defendants.* | ) |

Civil Action No.: 2:09CV953
**Plaintiff Demands Jury Trial**

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

## PRELIMINARY STATEMENT

1.   This Complaint seeks actual, compensatory, statutory and punitive damages, including injunctive and declaratory relief, for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "the FDCPA"), and state common law causes of action pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction

pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§

2201 and 2202.  Defendants' violations of Plaintiff's rights, as alleged herein, occurred in

Elmore County, Alabama, and were committed within the Northern Division of the

Middle District of Alabama.

## PARTIES

3.    Plaintiff Terry W. Barrett (hereinafter referred to as "Plaintiff") is a natural person and a

resident and citizen of Elmore County, the state of Alabama, and of the United States.

Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681(c) and 15 U.S.C. §

1692a(3).

4.    Defendant Directv, Inc.(hereinafter referred to as "Directv" or "Defendant") is a foreign

corporation licensed to furnish credit to consumers within the state of Alabama.  Directv

is a furnisher of information as contemplated by the FCRA §§ 1681s-2(a) & (b), that

regularly and in the ordinary course of business furnishes information to one or more

consumer reporting agencies about consumer transactions or experiences with

consumers.

5.    Defendant Financial Asset Management Systems, Inc. (hereinafter referred to as

"FAMS" or "Defendant") is a foreign corporation engaged as a "debt collector" as

defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), engaged in the

business of collecting debts in this State where FAMS regularly collects or attempts to

collect debts owed or due or asserted to be owed or due another and whose principal

purpose is the collection of debts using the mails and telephone.  Furthermore, FAMS is a

furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that

regularly and in the ordinary course of business furnishes information to one or more

consumer reporting agencies about consumer transaction.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates by reference herein paragraphs one (1) through five (5).

7.      In or around August, 2009, Plaintiff entered into an agreement (hereinafter referred to as

        "the Agreement") with Directv for digital satellite service.  Plaintiff entered into such

        agreement as the result of both promotional materials and a guarantee by a representative

        that local channels were included within every programming package.

8.      However, after Directv installed the satellite service to Plaintiff's residence, such

        programming failed to include any local channels.

9.      Two days subsequent to such installation, and in response to Plaintiff's inquiry, a

        representative of Directv advised Plaintiff that Directv could not provide Plaintiff with

        local satellite programming.  Furthermore, this representative advised Plaintiff that,

        because of his dissatisfaction with the lack of local programming, Directv would cancel

        the Agreement and refrain from charging Plaintiff any service charges.

10.     Notwithstanding the aforesaid representation regarding service charges, on or around

        October 8, 2008, Directv charged the sum of $526.90 to Plaintiff's Chase Credit Card.

11.     Plaintiff immediately filed a dispute with Chase regarding such service charges and, in

        response thereto, Chase credited the same, including subsequent finance charges, to

        Plaintiff's account.

12.     In an effort to collect upon such alleged indebtedness, Directv forwarded Plaintiff's

        account to FAMS for collection.  FAMS immediately reported the account to all three

        consumer reporting agencies as a "collection account" with a past due balance of

        $528.00.

13.     In or around September 2009, after constructing a new residence, Plaintiff attempted to

        convert a construction loan into a conventional mortgage.  However, as a result of the

        aforesaid conduct, i.e. Directv's misrepresentation regarding local programming and

        service charges, and FAMS's  unlawful collection efforts, Plaintiff's bank advised him

        that, although it will consummate the mortgage, it will do so only at a higher interest rate.

14.     In an effort to avoid a higher interest rate on his mortgage, Plaintiff paid the alleged

        indebtedness of $526.90 to FAMS.  Plaintiff advised FAMS that, although he was paying

        the indebtedness, he disputed the same.

15.     Notwithstanding that Plaintiff paid such alleged indebtedness, FAMS issued a settlement

        letter which, based upon the language therein, is ambiguous at best.  More specifically,

        rather than stating that Plaintiff's account had been paid and closed, FAMS stated that

        "currently the above-mentioned account has no balance due."  However, as stated above,

        Plaintiff closed such account within two days of the installation.  To further corroborate

        the existence of this alleged account, FAMS stated to "[c]onsider this letter NULL and

        VOID in the case that you fail to fulfill your obligation by means of any payments not

        being honored at any future date."

16.     Unequivocally, such language indicates that, even though Plaintiff has satisfied the

alleged current indebtedness, in the event he fails to meet a future obligation on a "non-existent" account, such satisfaction of the alleged current indebtedness somehow becomes "NULL and VOID." Despite Plaintiff's effort to clear the balance on this alleged account, he will be forced to pay a higher interest rate on his mortgage because of the aforesaid language. FAMS has refused to provide Plaintiff with a letter stating that his account is closed and satisfied in full.

17.     The actions of FAMS, i.e. misrepresenting to Plaintiff that he had a balance due and owing to Directv, and failing to provide the requisite notice within five days of its initial communication with Plaintiff, are violative of the FDCPA.

18.     On multiple occasions, Plaintiff advised FAMS that he disputed such debt and the reasons therefore however FAMS failed to acknowledge and / or act upon the same.

19.     As a result of the inaccurate and derogatory information reported and/or caused to be reported by FAMS, Plaintiff has had adverse action taken on existing credit accounts and has sustained actual damages including emotional distress and pecuniary loss.

20.     FAMS has agreed to and understands it must follow the requirements of the FCRA including, but not limited to, the following:

    a)     15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is

inaccurate."[1]

b)      15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information

relating to a consumer to any consumer reporting agency if -

(i)      the person has been notified by the consumer, at the address specified by

the person for such notices, that specific information is inaccurate; and

(ii)     the information is, in fact, inaccurate."

c)      15 U.S.C. § 1681(a)(2) which states, "[a] person who -

(A)     regularly and in the ordinary course of business furnishes information to

one or more consumer reporting agencies about the person's transactions

or experiences with any consumer; and

(B)     has furnished to a consumer reporting agency information that the person

determines is not complete or accurate, shall promptly notify the

consumer reporting agency of that determination and provide to the

agency any corrections to that information, or any additional information,

that is necessary to make the information provided by the person to the

agency complete and accurate, and shall not thereafter furnish to the

agency any of the information that remains not complete or accurate."

(emphasis supplied).

21.     Because FAMS willfully and intentionally reported such inaccurate information to the

---

[1] As indicated herein, Directv represented that it would refrain from charging Plaintiff for satellite service based upon his dissatisfaction with the lack of local programming.  As Directv's agent, FAMS knew or should have known that such information was inaccurate.

credit reporting agencies, it has violated multiple provisions of the FCRA.

22.     FAMS knows that reporting such false and inaccurate information will defame Plaintiff each time his credit reports are accessed. Because Plaintiff's credit reports have been accessed since such reporting, the aforesaid false information has been published to third parties.

23.     Defendants' actions were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

24.     The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA and state law of Defendants, regarding Plaintiff's alleged indebtedness, as described herein, constitutes harassment, defamation, invasion of privacy, negligence and the intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

## COUNT ONE
## VIOLATION OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.*
## DEFENDANT FAMS

25.     Plaintiff incorporates by reference herein paragraphs one (1) through twenty-four (24).

26.     In the entire course of its actions, Defendant negligently willfully, intentionally, and/or maliciously violated multiple provisions of the FCRA in one or more of the following respects:

      a)     By failing to comport with reinvestigation procedures listed within 15 U.S.C. §

1681i;

b)    By failing to fulfill its duties as listed within section 15 U.S.C. § 1681s-2, *i.e.*
      reporting information with actual knowledge of errors, reporting information after
      notice and confirmation of errors, failing to update and/or correct previously
      reported information determined to be inaccurate or incomplete, failing to provide
      notice of dispute, and failing to provide notice of closed account;

c)    Defaming Plaintiff by publishing to third parties false information regarding
      Plaintiff's creditworthiness;

d)    Invading the privacy of Plaintiff; and

e)    Failing in its duty to prevent foreseeable injury to Plaintiff.

27.   The foregoing acts and omissions were undertaken by Defendant willfully, maliciously
      intentionally, and knowingly as part of its routine credit furnishing or debt collecting
      business, and in gross reckless disregard of the rights of Plaintiff.

28.   As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for a
      declaratory judgment that Defendant's conduct violated the FCRA, and Plaintiff's actual,
      compensatory, and statutory damages, if applicable punitive damages, and costs and
      attorney's fees under the FCRA.

**COUNT TWO**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***
**DEFENDANT FAMS**

29.   Plaintiff incorporates by reference herein paragraphs one (1) through twenty-eight (28).

30.   Defendant attempted to collect a consumer debt allegedly owed by Plaintiff and the

obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, the following actions of Defendant violated the one or more provisions of FDCPA:

a)   contacting Plaintiff in a harassing manner and using harassing techniques in an attempt to collect the alleged debt in violation of 15 U.S.C. §§ 1692d(5) & (6);

b)   attempting to collect a debt which is not legally owed in violation of 15 U.S.C. § 1692e(2)(A);

c)   continuing to contact Plaintiff on this invalid debt in violation of 15 U.S.C. § 1692c(c);

d)   misrepresenting the character and amount of the alleged debt in violation of 15 U.S.C. § 1692e(2)(a);

e)   failing to provide the requisite notice in its initial communication with Plaintiff as required by 15 U.S.C. § 1692e(11);

f)   failing to provide validation of the debt in violation of 15 U.S.C. § 1692g; and

g)   reporting the invalid debt on Plaintiff's credit report in violation of 1692e(8).

31. The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of its routine debt collection business and/or in gross reckless disregard of Plaintiff's rights.

32. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k,

civil liability [Section 813 of Pub. Law].

## COUNT THREE
## INVASION OF PRIVACY

33.   Plaintiff incorporates by reference herein paragraphs one (1) through thirty-two (32).

34.   Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

35.   Defendants' actions were done so maliciously, without privilege, and with a willful intent to injury Plaintiff.

36.   As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR
## DEFAMATION

37.   Plaintiff incorporates by reference herein paragraphs one (1) through thirty-six (36).

38.   Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, false account information.

39.   Likewise, Defendant FAMS published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by FAMS.

40.   The publications and defamations were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

41.    As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## BREACH OF CONTRACT

42.    Plaintiff incorporates herein by reference paragraphs one (1) through forty-one (41).

43.    Directv breached the Agreement with Plaintiff by failing to provide local satellite channels as it represented to Plaintiff within both its promotional literature and via its sales representative.

44.    Likewise, FAMS breached the settlement agreement with Plaintiff by refusing, despite Plaintiff's multiple attempts, to provide Plaintiff with a complete release acknowledging his satisfaction of the alleged indebtedness to FAMS and/or Directv.

45.    Because of Defendants' breaches of the aforesaid agreements, Plaintiff has been damaged in that he did not get the benefit that he bargained for, *i.e.* the programming service package he ordered, and has been forced to pay a higher interest rate on at least one loan as a direct result of Defendants' unlawful actions.

## COUNT SIX
## NEGLIGENCE

46.    Plaintiff incorporates herein by reference paragraphs one (1) through forty-five (45).

47.    Defendant Directv owed a duty of care to Plaintiff to 1) provide him with the service dictated within the Agreement, 2) refrain from charging Plaintiff per a subsequent

agreement, and 3) refrain from transferring such indebtedness to FAMS for collection.

48.     Defendant FAMS owed a duty of care to Plaintiff to 1) refrain from attempting to collect
        upon such debt until the same was validated and 2) refrain from reporting such alleged
        indebtedness to the credit reporting agencies prior to validation thereof.

49.     Defendants breached the aforesaid duties owed to Plaintiff.

50.     Because of Defendants' breach of said duties, Plaintiff has been caused to suffer mental
        anguish, emotional distress, loss of sleep and forced to retain the services of an attorney
        to prosecute this matter.

## COUNT SEVEN
## DECLARATORY AND INJUNCTIVE RELIEF

51.     Plaintiff incorporates herein by reference paragraphs one (1) through fifty (50).

52.     A dispute exists as to whether Defendants have violated the FCRA, FDCPA or state law.

53.     Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that
        Defendants violated the FCRA, FDCPA and state law, and Plaintiff is similarly entitled
        to an order enjoining said acts.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Plaintiff respectfully
prays that judgment be entered against Defendants, jointly and severally, by this Court for the
following:

        a)      Enter injunctive and corresponding declaratory relief establishing the foregoing
                conduct of Defendants to be unlawful, enjoining Defendants from continuing to
                engage in such conduct, and granting such additional equitable relief as may be

      appropriate;

b)       Award Plaintiff actual damages;

c)       Award Plaintiff punitive damages;

d)       Award Plaintiff statutory damages where applicable;

e)       Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f)       Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)       Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 13th day of October, 2009.

Anthony Brian Bush (BUS028)
Bar Id.:  ASB-7306-A54B
**LEWIS, BUSH & FAULK, LLC**
P.O. Box 5059 (36103)
*The Bailey Building*
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Phone: (334) 263-7733
Facsimile:     (334) 832-4390
Email: anthonybbush@yahoo.com
*Attorney for Plaintiff*

The Defendants may be served at the following addresses:

**DIRECTV, INC.**
c/o CSC Lawyers Incorporating Svc, Inc.
150 South Perry Street
Montgomery, Alabama 36104

**FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.**
c/o CSC Lawyers Incorporating Svc, Inc.

150 South Perry Street
Montgomery, Alabama 36104